| STATE OF NORTH DAKOTA | IN DISTRICT COURT |
| COUNTY OF KIDDER | SOUTHEAST JUDICIAL DISTRICT |

DOUGLAS CONNER AND SANDRA CONNER,

    Plaintiffs,

vs.

HENNADIY TOPCHIY, TIA TRUCKING, DOES 1-X, ROE BUSINESS ENTITIES,

    Defendants

SUMMONS

Civil No.

THE STATE OF NORTH DAKOTA TO **TIA TRUCKING** via its registered agent: Iryna Topchiy, 2371 SW Border Way Gresham, OR 97080.

You are hereby summoned and required to appear and defend against the Complaint and Demand for Jury Trial in this action, which is or will be filed with the Clerk of District of Court and which is therewith served upon you, by serving upon the undersigned an Answer or other proper response within twenty-one (21) days after the service of this Summons upon you, not including the day of service. If you fail to do so, default judgment will be taken against you for the relief demanded in the Complaint.

Exhibit A

DATED this 20th day of June 2018.

                                **LOWE LAW GROUP**

                                _/s/ **Eric Hinckley**_____
                                Zachary Peter Lowe (ND ID No. 07765)
                                Eric Hinckley (ND ID No. 07766)
                                Mark D. Hesiak (ND ID No. 08768)
                                418 E. Broadway Ave., Suite 10
                                Bismarck, ND 58501
                                Phone: 701.343.3333
                                pete@lowelawgroup.com
                                eric@lowelawgroup.com
                                mark@lowelawgroup.com
                                **Attorneys for Plaintiffs**

| | |
|---|---|
| STATE OF NORTH DAKOTA<br>COUNTY OF KIDDER | IN DISTRICT COURT<br>SOUTHEAST JUDICIAL DISTRICT |

| | |
|---|---|
| DOUGLAS CONNER; AND SANDRA CONNER,<br><br>Plaintiffs,<br><br>vs.<br><br>HENNADIY TOPCHIY, TIA TRUCKING, DOES 1-X, ROE BUSINESS ENTITIES,<br><br>Defendants | COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>Civil No. |

[¶1]   COME NOW Plaintiffs, Douglas Conner and Sandra Conner, by and through their counsel of record, the Lowe Law Group, for their causes of action and claims for relief against the Defendants, Hennadiy Topchiy and TIA Trucking. Upon information and belief, Plaintiffs allege and aver as follows:

## I.   PARTIES, JURISDICTION AND VENUE

[¶2]   At the time of the incident alleged herein, Plaintiffs Douglas and Sandra Conner (hereinafter "Plaintiffs") were residents of Marinette County, Wisconsin.

[¶3]   Upon information and belief, Defendant Hennadiy Topchiy (hereinafter "Defendant Topchiy") was a resident of Clackamas County, Oregon.

[¶4]   At the time of the incident alleged herein, Defendant Topchiy was an employee and/or agent of Defendant TIA Trucking (hereinafter "TIA Trucking"), an Oregon corporation doing business in North Dakota.

[¶5]   The causes of action pleaded herein occurred in Kidder County, North Dakota,

therefore Venue is proper pursuant to N.D.C.C. 28-04-03.1.

[¶6] This Court has jurisdiction over the above-named parties and over the subject matter over this action.

## II. FACTS

[¶7] On or about November 11, 2012, Plaintiff Douglas Conner was driving a semi-truck on Highway 94 in Kidder County, North Dakota. Plaintiff Sandra Conner was a passenger in the semi-truck being driven by Mr. Conner.

[¶8] At or around the same time, as Defendant Topchiy was in the course and scope of his employment with TIA Trucking, Defendant Topchiy was driving a semi-truck on Highway 94.

[¶9] As Mr. Conner slowed his semi-truck for approaching traffic, without any advanced warning or notice, the semi-truck being driven by Defendant Topchiy slammed into the rear of the semi-truck being driven by Mr. Conner.

[¶10] As a result of Defendant Topchiy's negligent and careless operation of the TIA Trucking truck, Plaintiffs sustained significant bodily injuries requiring them to undergo medical treatment and procedures.

## III. COUNT ONE- NEGLIGENCE OF DEFENDANT TOPCHIY

[¶11] Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as if fully set forth herein.

[¶12] Defendant Topchiy owed a duty of reasonable care to Plaintiffs in the operation of the motor vehicle and breached that duty when the semi-truck he was driving slammed into the rear of the Conner semi-truck.

[¶13] The negligent and careless acts of Defendant Topchiy were the direct and proximate cause of the collision between the two vehicles.

[¶14] As a direct and proximate result of Defendant Topchiy's negligence, Plaintiffs have sustained serious bodily injuries, which have caused them great pain, discomfort, weakness, inconvenience, loss of established course of life, and physical and emotional suffering.

[¶15] As a direct and proximate result of Defendant Topchiy's negligence, Plaintiffs sustained serious bodily injuries, which have caused them great pain, discomfort, anxiety, inconvenience, loss of established course of life, and physical and emotional suffering.

[¶16] As a direct and proximate result of Defendant Topchiy's negligence, Plaintiffs have incurred medical expenses, the exact amount to be proven at trial, and Plaintiffs may yet incur future medical expenses.

[¶17] As a direct and proximate result of Defendant Topchiy's negligence, Plaintiffs have suffered severe emotional and mental distress.

[¶18] As a direct and proximate result of Defendant Topchiy's negligence, Plaintiffs have suffered general damages in an amount to be proven at trial.

[¶19] As a direct and proximate result of Defendant Topchiy's negligence, Plaintiffs have suffered lost earnings and loss of earning capacity in an amount to be proven at trial.

### IV.   COUNT TWO- RESPONDEAT SUPERIOR

[¶20] Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as if fully set forth herein.

[¶21] At the time of the negligence alleged herein, Defendant Topchiy was acting in the course and scope of his employment with TIA Trucking.

[¶22] At the time of the negligence alleged herein, Defendant Topchiy was acting as an agent of and at the direction of TIA Trucking.

[¶23] TIA Trucking is vicariously liable for the negligence of Topchiy under the doctrine of *Respondeat Superior*.

## V. COUNT THREE- NEGLIGENT HIRING, SUPERVISION & TRAINING OF DEFENDANT TIA TRUCKING

[¶24] Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as if fully set forth herein.

[¶25] Defendant TIA Trucking had a duty of reasonable care in the selection, hiring, retention, training, and supervision of its employees, including but not limited to Defendant Topchiy.

[¶26] TIA Trucking breached this duty, and this breach was the proximate cause of Plaintiffs' injuries and damages.

## VI. COUNT FOUR – NEGLIGENCE OF DEFENDANT TIA TRUCKING

[¶27] Plaintiffs re-allege all preceding paragraphs and incorporate them by reference as if fully set forth herein.

[¶28] Defendant TIA Trucking had a duty to provide its employees with the proper training, equipment, and tools necessary to complete all duties in a manner which prevented foreseeable risks of injury to other persons.

[¶29] Defendant TIA Trucking endorsed, ratified, or permitted to continue, unsafe work practices of its employees, which created a foreseeable risk of injury to foreseeable plaintiffs.

[¶30] Defendant TIA Trucking's work practices violated applicable rules and regulations, industry standards, and breached the standard of reasonable care.

[¶31] As a result of these violations and breach of duty, Plaintiffs suffered injuries and damages as stated herein.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, and respectfully request that this Court enter judgment in the Plaintiffs' favor as follows:

[¶36]   Recovery of damages of a reasonable sum but not less than $50,000.00 for past and future pain, suffering, inconvenience, physical impairment, mental anguish, emotional distress, and other non-pecuniary damages suffered by Plaintiff as allowed by North Dakota law;

[¶37] Recovery of damages of a reasonable sum but not less than $50,000.00 for past economic loss, including but not limited to medical expenses both past and future, lost wages and lost earning capacity, suffered by Plaintiff;

[¶38]   Recovery of damages of a reasonable sum but not less than $50,000.00 for future economic loss and medical expenses to be incurred by Plaintiff;

[¶39]   Costs and disbursements of this action;

[¶40]   Interest; and

[¶41]   For such other and further relief as this Court may deem just and equitable.

## VIII. JURY DEMAND

[¶42]   Plaintiffs requests trial by jury on all counts and issues pleaded herein.

DATED this 20th day of June 2018.

**LOWE LAW GROUP**

_/s/ Eric Hinckley_____
Zachary Peter Lowe (ND ID No. 07765)
Eric Hinckley (ND ID No. 07766)
Mark D. Hesiak (ND ID No. 08768)
418 E. Broadway Ave., Suite 10

Bismarck, ND 58501  
Phone: 701.343.3333  
pete@lowelawgroup.com  
eric@lowelawgroup.com  
mark@lowelawgroup.com  
**Attorneys for Plaintiffs**

## AFFIDAVIT OF SERVICE

State of North Dakota    County of Kidder    District Court

Case Number: _____

Plaintiff:
Douglas Conner; and Sandra Conner

vs.

Defendant:
Hennadiy Topchiy, Tia Trucking, Does 1-X, Roe Business Entities,

For:
Eric Hinckley
Lowe Law Group
418 E. Broadway Ave.
Suite 10
Bismarck, ND 58501

Received by PI Services LLC to be served on Hennadiy Topchiy, 2371 SW Border Way, Gresham, OR 97080.

I, Karen M. Rider, being duly sworn, depose and say that on the **23rd day of June, 2018 at 3:45 pm**, I:

**Personally Served** the within named person with a true copy of a **Summons and Complaint** at the above listed address pursuant to state statutes and informing said person of contents thereof.

I am a competent person over 18 years of age and a resident of this State; I am not a party to nor an officer, director or employee of, nor attorney for any party. I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

Subscribed and Sworn to before me on the 25th day of June, 2018 by the affiant who is personally known to me.

NOTARY PUBLIC

Karen M. Rider

PI Services LLC
P.O. Box 157
Beaverton, OR 97075-0157
(503) 643-4274

Our Job Serial Number: OSO-2018001163

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

## AFFIDAVIT OF SERVICE

| | | |
|---|---|---|
| State of North Dakota | County of Kidder | District Court |

Case Number: _____

Plaintiff:
**Douglas Conner; and Sandra Conner**
vs.
Defendant:
**Hennadiy Topchiy, Tia Trucking, Does 1-X, Roe Business Entities,**

For:
Eric Hinckley
Lowe Law Group
418 E. Broadway Ave.
Suite 10
Bismarck, ND 58501

Received by PI Services LLC to be served on **Tia Trucking, 2371 SW Border Way, Gresham, OR 97080.**

I, Karen M. Rider, being duly sworn, depose and say that on the **23rd day of June, 2018 at 3:45 pm, I:**

Served the within named Corporation, Limited Partnership or Unincorporated Associations Subject to Suite Under a Common Name by delivering a true copy of the **Summons and Complaint** personally and in person to **Hennadiy Topchiy** the **Registered Agent** of the within named corporation, and informing said person of the contents thereof.

I am a competent person over 18 years of age and a resident of this State; I am not a party to nor an officer, director or employee of, nor attorney for any party. I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

Subscribed and Sworn to before me on the 25th day of June, 2018 by the affiant who is personally known to me.

NOTARY PUBLIC

Karen M. Rider

PI Services LLC
P.O. Box 157
Beaverton, OR 97075-0157
(503) 643-4274

Our Job Serial Number: OSO-2018001164

Copyright © 1992-2011 Database Services, Inc. - Process Servers Toolbox V6.5n